UNITED STATES DISTRICT COURT
WSETERN DISTRICT OF KENTUCKY
PADUCAH DIVSIION
CIVIL ACTION NO. 5:14-CV-00061

ANDREW JACKSON MOORE                                                                          Plaintiff,

v.

NASH, INC.                                                                                    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon the Motion to Dismiss of Nash, Inc. ("Nash"). (Docket No. 5.) Plaintiff Andrew Jackson Moore has responded, (Docket No. 8), and Nash has replied, (Docket No. 10). Fully briefed, this matter stands ripe for adjudication. For the reasons set forth below, the Court will GRANT Nash's motion to dismiss.

**Legal Standard**

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

## Analysis

Moore alleges that Nash terminated his employment in violation of KRS § 342.197, which prohibits employers from retaliating against employees who file workers compensation claims.[1] "Under Kentucky law, the 'minimum' burden on a plaintiff claiming retaliation is to provide evidence [he] (1) 'engaged in statutorily protected activity,' (2) was discharged, and (3) 'there was a connection between

---

[1] Moore's barebones complaint provides few details. His entire Complaint reads:

> Plaintiff for complaint states as follows.
>
> 1. Plaintiff was injured at work in Christian County, on the Kentucky side of the Ft. Campbell Federal military enclave.
> 2. Defendant fired plaintiff in violation of KRS 342.197.
> 3. As a result of the above described, plaintiff has suffered loss in the nature of pain, suffering, mental anguish and inconvenience, income loss and diminution of earning capacity, and the aggregate value of damages claimed herein exceeds the minimum amount to invoke jurisdiction of circuit courts of this Commonwealth in cases of this sort.
> 4. The circumstances [of] the firing justify exemplary damages.
>
> WHEREFORE, plaintiff requests jury trial and judgment in such amount as the proof may warrant.

(*See* Docket No. 1-1.) The Court notes that Moore does not specify by whom he was employed. Moreover, because Moore does not specify the basis of his claim, the Court notes that the statute upon which he relies also prohibits discrimination against employees who have been diagnosed with coal-related pneumoconiosis.

2

the protected activity and the discharge.'" *Henderson v. Ardco, Inc.*, 247 F.3d 645, 654 (6th Cir. 2001) (quoting *Willoughby v. GenCorp, Inc.*, 809 S.W.2d 858, 861 (Ky. Ct. App. 1990)).

Moore's complaint cannot survive Nash's motion to dismiss. A sufficiently-pleaded retaliation claim must allege not only a showing of protected conduct, such as filing a worker's compensation claim, and an adverse action, such as termination of employment: it must also indicate "a causative link between the two." *Gonzales v. Imaging Advantage, LLC*, 2011 WL 6092469 at *4 (W.D Ky. Dec. 7, 2011) (citing *Highlands Hosp. Corp. v. Castle*, 2010 WL 2142691 at *4 (Ky. App. July 16, 2010); *Vanhook v. Britthaven of Somerset, Inc.*, 2007 WL 2787906 at *4 (Ky. App. July 27, 2007). Were the Court to read Moore's complaint in the most generous light and assume that he adequately alleged these first two elements, he nonetheless fails to address the causation element. He does not allege a link between protected conduct and the termination of his employment.

Moreover, Moore's complaint fails to provide even "formulaic recitation of the elements of a cause of action," much less the "'grounds' of his entitlement to relief." *Twombly*, 550 U.S. at 555. According to the Supreme Court's guidance, federal pleadings must provide "a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'ground' on which the claim rests." *Id.* at 55 n.3. Here, Moore's barebones complaint does not demonstrate the facial plausibility of his claim. Consequently, it cannot proceed.

Moore does not contest the deficiency of his claim. Instead, he responds that it would likely have survived dismissal in state court. Moore urges the Court to look to Kentucky's pleading requirements, which require only notice pleading, rather than the federal standards articulated *supra. See, e.g.*, *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005). However, Rule 8's pleading standards apply to all district court proceedings—including those that originated in state courts. *See* Fed. R. Civ. P. 81(c)(1) (providing that "[t]hese rules apply to a civil action after it is removed from a

state court"); *Willy v. Coastal Corp.*, 503 U.S. 131, 134 (1991) (explaining that Rule 8's "expansive language contains no express exception"). Classic precedents embody this principle, applying the Federal Rules of Civil Procedure to removed cases.. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *Stern v. Inter-Mountain Tel. Co.*, 226 F.2d 409 (6th Cir. 1955). In our own circuit, federal district courts have determined that federal pleading requirements apply to removed complaints, even where the state pleading standard is more lenient. *See, e.g.*, *Vanhook*, 2007 WL 2787906 at *4; *see also Foust v. Stryker Corp.*, 2010 WL 2572179 (S.D. Ohio June 22, 2010) (applying *Twombly* pleading standard in a motion to dismiss state law claims); *Wilkey v. Hull*, 366 F. App'x 634, 637 (6th Cir. 2010) (unreported) (applying *Twombly* standard to evaluate the factual plausibility of the plaintiff's state-law claims in a diversity case). Because the federal standard applies, Moore's complaint must be dismissed.

Finally, Moore directs the Court to Federal Rule of Civil Procedure 12(e), which provides in relevant part:

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

The Court first notes that Nash has not moved for a more definite statement in this case, and courts do not favor such motions. *See United States v. Paul*, 2008 WL 2074024 at *3 (E.D. Ky. May 13, 2008). Furthermore, "[a] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail." *Id.* (quoting *Schwable v. Coates*, 2005 WL 2002360, at *1 (N.D. Ohio Aug. 18, 2005)). Moore's complaint, though conclusory, is not unintelligible; rather, it is devoid of the detail necessary to state a claim. Accordingly, the Court will dismiss it.

4

**CONCLUSION AND ORDER**

The Court having considered the parties' arguments and being otherwise sufficiently advised, IT IS ORDERED that Nash, Inc.'s motion to dismiss the complaint and all claims alleged therein for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Docket No. 5), is GRANTED.

This is a final and appealable order.

cc:  Counsel